This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                              **No. A-1-CA-36691**

**JAMES FROHNHOFER,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CURRY COUNTY**
**Fred Travis Van Soelen, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Santa Fe, NM
Matthew J. Edge
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**VIGIL, Judge.**

{1}     Defendant appeals from the district court's judgment, sentence, and commitment, convicting him following a jury trial of one count of aggravated battery against a household member with a deadly weapon. This Court issued a calendar notice proposing to affirm. Defendant has filed a memorandum in opposition, which we have duly considered. Unpersuaded, we affirm.

{2}     In this Court's calendar notice, we detailed the evidence presented against Defendant and proposed to conclude that the evidence was sufficient to support each element of aggravated battery against a household member with a deadly weapon, based on the jury instructions. We pointed out that, to the extent Defendant was arguing that there are inconsistencies in the Victim's testimony and reasons to question her credibility, concerns of weight and credibility are outside the reach of our appellate review. *See State v. Garcia*, 2011-NMSC-003, ¶ 5, 149 N.M. 185, 246 P.3d 1057 ("New Mexico appellate courts will not invade the jury's province as fact-finder by second-guessing the jury's decision concerning the credibility of witnesses, reweighing the evidence, or substituting its judgment for that of the jury." (internal quotation marks and citation omitted)).

{3}     In his memorandum in opposition, Defendant maintains that the evidence against him is too incredible for a rational fact-finder to rely on. [MIO 3-5] While we note that Defendant has couched his argument in slightly different terms, at its core

Defendant is still asking this Court to reweigh evidence and reassess credibility. This we will not do. Because we conclude that the relief Defendant seeks is outside of the scope of this Court's appellate review.

{4}     Lastly, this Court noted in our notice of proposed disposition that the district court's judgment contains a clerical error. [CN 2] Specifically, we pointed out that the judgment and sentence indicates that Defendant was convicted of aggravated *assault* on a household member with a deadly weapon [RP 162], while the record demonstrates that the jury convicted Defendant of aggravated *battery* on a household member with a deadly weapon [RP 123, 131]. Accordingly, we conclude that remand for correction of the judgment and sentence is required.

{5}     For the reasons stated above and in this Court's notice of proposed disposition, we affirm Defendant's conviction and remand for correction of the judgment and sentence.

**IT IS SO ORDERED.**

_____
**MICHAEL E. VIGIL, Judge**

**WE CONCUR:**


_____

**M. MONICA ZAMORA, Judge**


_____
**HENRY M. BOHNHOFF, Judge**